**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Farrall, Jr., | ) | No. CV 04-0260-PHX-EHC (BPV) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

On February 4, 2004, Petitioner proceeding pro se filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The matter was referred to Magistrate Judge Bernardo P. Velasco who issued a Report and Recommendation (Doc. 15) on November 3, 2004, as Amended (Doc. 18) on December 8, 2004, recommending that the Petition be dismissed as untimely. On December 29, 2004, the Court adopted in full the Report and Recommendation and denied the Petition (Doc. 20 - Order). Petitioner appealed (Doc. 22) and the Court of Appeals for the Ninth Circuit reversed and remanded (Doc. 35), holding that the Petition was timely. On remand, the Court appointed counsel to represent Petitioner (Docs. 43, 44 & 45).

The matter was referred to Magistrate Judge Velasco (Doc. 60) who held an evidentiary hearing on September 22-23, 2009 (Doc. 63, 88-89). On February 22, 2010, the Magistrate Judge issued a Report and Recommendation (Doc. 102) recommending that the action be dismissed in its entirety.

1   On March 8, 2010, Petitioner filed Objections to the Magistrate Judge's Report and
2   Recommendation (Doc. 103). On March 22, 2010, Respondents filed a Response (Doc. 104)
3   to Petitioner's Objections.

4   The district court reviews de novo the portions of the Magistrate Judge's Report and
5   Recommendation to which there is a filed objection. 28 U.S.C. § 636(b)(1)(C)("a judge of
6   the court shall make a de novo determination of those portions of the report, ..., to which
7   objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.
8   2003). The district court is not required to review any issue that is not the subject of an
9   objection. Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v.
10  Arn, 474 U.S. 140, 149 (1985).

11  In 1998, in the Superior Court of Maricopa County, Arizona, Petitioner was indicted
12  on thirteen counts of sexual conduct committed against two minors. On August 26, 1999,
13  during a settlement conference with the trial court, Petitioner entered into two plea
14  agreements with the State. Petitioner agreed to plead no contest to one count of sexual
15  conduct with a minor under the age of 15, and to one count of attempted sexual conduct with
16  a minor over the age of 15. The plea agreements were accepted by the trial court.

17  In September 1999, Petitioner sought to withdraw from the plea agreements but was
18  denied after a hearing. On November 23, 1999, the date of sentencing, Petitioner again
19  attempted to withdraw from the plea agreements and again was denied. Petitioner was
20  sentenced to an aggravated term of 25 years on one count and a consecutive term of lifetime
21  probation on the other count. Petitioner was denied post-conviction relief in the state courts.

22  On February 4, 2004, Petitioner filed a Petition for Writ of Habeas Corpus under 28
23  U.S.C. § 2254 in the District of Arizona. Petitioner has asserted the following grounds: (1)
24  defense counsel coerced and intimidated Petitioner into accepting his plea agreements; (2)
25  Petitioner was denied his constitutional right to representation by a competent lawyer at
26  every critical stage of the proceeding in violation of the Sixth Amendment; (3) the plea
27  agreements are illegal and void because of changes to the agreements made after they were

28

1 signed by Petitioner; and (4) the State suppressed evidence that would have acquitted
2 Petitioner and thereby violated Petitioner's constitutional rights.

3 Petitioner has raised some eleven grounds in his filed Objections (Doc. 103).
4 Respondents' Response (Doc. 104) addresses each objection. Petitioner was not entitled to
5 have a letter purportedly written by one of the victims five years after Petitioner pleaded no
6 contest, admitted at the evidentiary hearing. This victim did not testify at the evidentiary
7 hearing. The Court has reviewed the testimony of the other victim who did testify at the
8 evidentiary hearing before the Magistrate Judge and finds that she did not "recant" her
9 allegations. Moreover, during his plea hearing, Petitioner stated in open court that he had not
10 been threatened or forced regarding his plea.

11 The Court has considered Petitioner's Objections to the Report and Recommendation.
12 Petitioner's Objections (Doc. 103) are overruled.

13 The Report and Recommendation will be adopted as the Order of the Court.

14 Accordingly,

15 **IT IS ORDERED** that Petitioner's Objections (Doc. 103) are overruled.

16 **IT IS FURTHER ORDERED** that the Report and Recommendation of the
17 Magistrate Judge (Doc. 102) is adopted in full as the Order of the Court.

18 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is
19 dismissed.

20 **IT IS FURTHER ORDERED** that a Certificate of Appealability is **denied** as
21 Petitioner has not made a substantial showing of the denial of a constitutional right.

22 DATED this 25th day of October, 2010.

_____
Earl H. Carroll
United States District Judge

- 3 -